**Larry PORTER, Petitioner,**

v.

**David SMITH, Respondent.**

**No. 00–40248.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 4, 2001.

Debra M. Gagliardi, Janet Van Cleve, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

Larry Porter, Detroit, MI, pro se.

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH STATUTE OF LIMITATIONS**

GADOLA, District Judge.

**I.  *Introduction***

Petitioner Larry Porter, a state inmate currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion for summary judgment on the ground that Petitioner failed to comply with the limitations period applicable to habeas corpus petitions. For the reasons set forth below, Respondent's motion is granted and the petition is dismissed.

**II.  *Procedural History***

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of first-degree murder, assault with intent to murder, and possession of a firearm during the commission of a felony. On November 17, 1989, he was sentenced to life imprisonment for the first-degree murder conviction, forty to eighty years imprisonment for the assault with intent to murder conviction, and two

**1074**

years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. On May 26, 1992, the Michigan Court of Appeals issued an opinion affirming Petitioner's convictions. *People v. Porter*, No. 126738 (Mich.Ct.App. May 26, 1992). Petitioner then filed a delayed application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Porter*, 441 Mich. 922, 497 N.W.2d 187 (1993).

Petitioner filed a motion for relief from judgment in the trial court on April 23, 1997. On November 17, 1997, the Recorder's Court for the City of Detroit issued an opinion denying Petitioner's motion for relief from judgment. *People v. Porter*, No. 89–6031 (Detroit Recorder's Ct. Nov. 17, 1997). Petitioner then filed a motion for reconsideration of the trial court's opinion denying his motion for relief from judgment. The trial court denied the motion for reconsideration. *People v. Porter*, No. 89–6031 (Detroit Recorder's Ct. Jan. 8, 1998).

Thereafter, Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for reconsideration in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Porter*, No. 209624 (Mich.Ct.App. Aug. 18, 1998). Petitioner filed a motion for rehearing, which was denied. *People v. Porter*, No. 209624 (Mich. Oct. 29, 1998). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. On May 25, 1999, the Michigan Supreme Court issued an order denying leave to appeal. *People v. Porter*, 459 Mich. 997, 595 N.W.2d 851 (1999).

While the appeal of the trial court's denial of his first motion for relief from judgment was pending in state court, Petitioner filed another motion for relief from judgment in the trial court on April 26, 1999. That motion for relief from judgment was denied on August 26, 1999. *Peo-ple v. Porter*, No. 89–06031 (Detroit Recorder's Court Aug. 26, 1999).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for leave to appeal for lack of jurisdiction. *People v. Porter*, No. 223299 (Mich.Ct.App. Nov. 30, 1999). Petitioner next filed a delayed application for leave to appeal to the Michigan Supreme Court, which was denied on June 26, 2000. *People v. Porter*, No. 116058 (Mich. June 26, 2000).

On July 3, 2000, Petitioner filed the pending petition for a writ of habeas corpus.

### III. *Analysis*

Respondent has filed a motion to dismiss on the ground that the pending habeas corpus petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Among other amendments, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which habeas petitions challenging state court judgments must be filed. In most cases, a prisoner is required to file a federal habeas corpus petition within one year of completing direct review of the habeas claims. 28 U.S.C. § 2244(d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court.

*Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999).

In the pending case, Petitioner's conviction became final before the AEDPA became effective on April 24, 1996. Therefore, absent state collateral review, Petitioner would have been required to file his application for habeas corpus by April 24, 1997 to comply with the one-year limitations period. However, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. Section 2244(d)(2) provides:

> The time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

■ Petitioner's one-year limitation period commenced to run on April 24, 1996, when the AEDPA became effective. The one-year limitation period continued to run until April 23, 1997, when Petitioner filed his motion for relief from judgment in the trial court. The filing of the motion for relief from judgment, a properly filed application for state collateral review, tolled the limitations period with one day remaining. Petitioner's motion for relief from judgment was denied by the trial court on November 14, 1997. *People v. Porter,* No. 89–6031 (Detroit Recorder's Court Nov. 14, 1997). Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. On August 18, 1998, the Michigan Court of Appeals denied leave to appeal. *People v. Porter,* No. 209624 (Mich.Ct.App. Aug. 18, 1998). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on May 25, 1999. *People v. Porter,* 459 Mich. 997, 595 N.W.2d 851 (1999).

During the pendency of his appeal from the trial court's denial of his first motion for relief from judgment, Petitioner filed another motion for relief from judgment. That motion, filed on April 26, 1999, was denied by the trial court on August 26, 1999. *People v. Porter,* No. 89–6031 (Detroit Recorder's Ct. Aug. 26, 1999). Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment to the Michigan Court of Appeals. The Michigan Court of Appeals dismissed the application for lack of jurisdiction because the "August 26, 1999 order denying appellant's motion for relief from judgment under M.C.R. 6.500 *et seq.* stems from appellant's second such motion since 1995 in violation of M.C.R. 6.502(G)(1)." *People v. Porter,* No. 223299 (Mich.Ct.App. Nov. 30, 1999). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal because the court was "not persuaded that the questions presented should be reviewed" by the court. *People v. Porter,* No. 116058 (Mich. June 26, 2000).

Respondent argues that Petitioner's motion for relief from judgment filed on April 26, 1999, did not toll the limitations period because it was not properly filed pursuant to 28 U.S.C. § 2244(d)(2). Michigan court rules prohibit the filing of successive motions for relief from judgment except under certain limited circumstances. Respondent argues that Petitioner did not present any circumstances sufficient to warrant the filing of a successive motion and, therefore, his motion was not properly filed under § 2244(d)(2). This Court need not address that question because, even assuming Petitioner's successive motion was properly filed, his habeas corpus petition still was not timely filed.

Petitioner filed a motion for relief from judgment on April 23, 1997, thereby tolling the one-year limitations period with one day remaining. Assuming Petitioner's subsequent motion for relief from judgment also served to toll the limitations period, Petitioner had an application for

**1076**

collateral review pending in state court until June 26, 2000, when the Michigan Supreme Court denied Petitioner's application for leave to appeal the trial court's denial of his successive motion for relief from judgment. At the time that Petitioner filed his first motion for relief from judgment and thereby tolled the limitations period, only one day remained in the limitations period. Thus, to be timely, Petitioner had to file his petition within one day of the Michigan Supreme Court's June 26, 2000 decision. Petitioner, however, did not file his petition until one week after the Michigan Supreme Court's decision. His petition therefore is untimely.

■ Petitioner fails to allege that there existed any impediment to his filing a timely application or that his claim involves a newly-recognized constitutional right or newly-discovered facts. Therefore, Petitioner has failed to present any exceptional circumstances which would warrant equitable tolling of the limitations period.

Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

## IV. *Conclusion*

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A). Further, the Court concludes that Petitioner has failed to establish extraordinary circumstances beyond his control which would warrant equitable tolling of the limitations period.

Accordingly, **IT IS ORDERED** that the Respondent's Motion to Dismiss is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).