William Roy CORBIN, Petitioner,

v.

Dennis STRAUB, Respondent.

No. 00–73829.

United States District Court,
E.D. Michigan,
Southern Division.

July 20, 2001.

William Corbin, Ionia, MI, pro se

Debra M. Gagliardi, Vincent J. Leone, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Dennis Straub, respondents.

*OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION, DENYING RESPONDENT'S MOTION TO DISMISS PETITION, AND SETTING DEADLINE FOR RESPONSIVE PLEADING*

EDMUNDS, District Judge.

**I. *Introduction***

Petitioner William Roy Corbin, a state inmate currently incarcerated at the Riverside Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Now before the Court are Petitioner's Motion to Amend Petition and Respondent's *Motion to Dismiss Petition.* For the reasons set forth below, the Court grants Petitioner's Motion to Amend Petition and denies Respondent's Motion to Dismiss.

**II. *Petitioner's Motion to Amend Petition for Writ of Habeas Corpus***

Petitioner has filed a motion to amend his petition to include additional claims. At the time Petitioner filed the motion to amend his petition, a response to the habeas corpus petition had not yet been filed. Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. Therefore, this Court will permit Petitioner to amend his habeas corpus petition to add his new claims for relief.

**III. *Procedural History***

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted on October 15, 1990 of second-degree murder, felony murder, and felony firearm. The trial court vacated the second-degree murder conviction and sentenced Petitioner to life imprisonment for the felony murder conviction and two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal in the Michigan Court of Appeals alleging, *inter alia*, ineffective assistance of trial counsel. The Michigan Court of Appeals remanded the case to the trial court for Petitioner to make a record in support of his ineffective assistance of counsel claim. The trial court conducted an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922 (1973). On August 4, 1993, the trial court issued an opinion and order denying Petitioner's motion for new trial.

Petitioner then returned to the Michigan Court of Appeals and presented the following claims for relief:

I.  Ineffective assistance of trial counsel.

II. The trial court's failure to properly instruct the jury resulted in a miscarriage of justice so serious that reversal is required.

III. The cumulative effect of the errors and omissions committed by both trial counsel and the trial court require reversal.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Corbin*, No. 135919 (Mich.Ct.App. Aug. 4, 1994). Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Corbin*, No. 100620 (Mich. Apr.18, 1995).

On November 30, 1995, Petitioner filed a motion for relief from judgment in the trial court, in which he asked the trial court to conduct an evidentiary hearing to allow him to present newly discovered evidence in support of his claims of ineffective assistance of trial and appellate counsel. The trial court denied his motion for relief from judgment. *People v. Corbin*, No. 906575 (Detroit Recorder's Ct. May 10, 1996).

Petitioner then filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals, presenting the following claims:

I. The trial court reversibly erred in holding that defendant's motion for post-judgment relief was procedurally barred from consideration.

II. Defendant is entitled to a new trial because his trial counsel rendered ineffective assistance under the Sixth Amendment.

The Michigan Court of appeals denied leave to appeal. *People v. Corbin*, No. 203191 (Mich.Ct.App. Oct. 6, 1997). Thereafter, Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was also denied. *People v. Corbin*, No. 110970 (Mich. Aug.28, 1998).

On October 12, 1998, Petitioner filed a petition for a writ of habeas corpus in this Court. On June 9, 1999, Petitioner filed a motion to hold his petition in abeyance or, in the alternative, to dismiss his petition without prejudice so that he could present previously unexhausted claims in state court. On August 24, 1999, this Court issued an order dismissing the petition without prejudice.

On July 5, 2000, Petitioner filed a motion for relief from judgment in the trial court, presenting the following claims:

I. The method of jury selection employed at trial a jurisdictional defect [sic] exempt from application of M.C.R. 6.508(D)(3), deprived Defendant of his Sixth and Fourteenth Amendment right to a public trial and further violated M.C.R. 2.511(F), thus, entitling Defendant to relief from judgment.

II. Defendant's due process rights under the 14th Amendment were denied where highly prejudicial "bad acts" evidence [M.R.E. 404(b) ] was improperly elicited and that the trial was fundamentally unfair.

III. Defendant was denied his right to a fair trial and denied his right to due process under both state and federal constitutions by instances of prosecutorial misconduct entitling him to a new trial.

IV. Defendant was denied effective assistance of trial counsel for failure to object in this case.

V. The cumulative effect of errors denied Defendant his right to due process and a fair trial under both state and federal constitutions.

VI. Defendant was denied effective assistance of counsel on direct appeal.

Petitioner filed his pending petition for a writ of habeas corpus in this Court on July 18, 2000. Including those claims added by

amendment, the pending petition presents the following claims:

I. Defendant's convictions must be reversed because he did not have a fair trial.

II. The method of jury selection used violated Defendant's right to a fair trial.

III. Defendant was denied a fair trial by the prosecutor's improper elicitation of bad acts evidence in violation of both state and federal constitutions.

IV. Defendant was denied his right to a fair trial, and denied his right to due process under both state and federal constitutions by instances of prosecutorial misconduct entitling him to a new trial.

V. Defendant was denied effective assistance of trial counsel under both state and federal law.

VI. The cumulative effect of all of the previously raised errors denied Defendant a fair trial and requires reversal.

VII. The failure of former appellate counsel to raise the issues raised herein denied Defendant his state and federal constitutional right to appeal and was cause for Defendant's failure to raise these issues on his appeal of right and which resulted in prejudice to Defendant.

## IV. *Analysis*

■ Respondent has filed a motion to dismiss the petition for a writ of habeas corpus on the ground that the pending habeas corpus petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996. Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

■ Among other amendments, the AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which habeas petitions challenging state court judgments must be filed. In most cases, a prisoner is required to file a federal habeas corpus petition within one year of completing direct review of the habeas claims. 28 U.S.C. § 2244(d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.1999).

■ In the pending case, Petitioner's conviction became final before the AEDPA became effective on April 24, 1996. Therefore, absent state collateral review, Petitioner would have been required to file his application for habeas corpus by April 24, 1997 to comply with the one-year limitations period. However, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. Section 2244(d)(2) provides:

> The time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On the date the AEDPA became effective, April 24, 1996, Petitioner's motion for

relief from judgment was pending in state court, therefore tolling the limitations period. The limitations period continued to be tolled until August 28, 1999, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Corbin,* 459 Mich. 855, 584 N.W.2d 921 (1998).

On October 12, 1998, Petitioner filed his first petition for a writ of habeas corpus in this Court. That petition remained pending until August 24, 1999, when this Court granted Petitioner's motion to dismiss the petition without prejudice so that he could return to state court to present previously unexhausted claims. Petitioner argues that the limitations period should be tolled for the time during which his petition was pending in federal court. Respondent argues that it should not.

The United States Supreme Court recently addressed the issue of whether a federal habeas corpus petition is an "application for State post-conviction or other collateral review," which falls within § 2244(d)(2)'s tolling provision. *Duncan v. Walker,* —— U.S. ——, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). The Court held " § 2244(d)(2) does not toll the limitations period during the pendency of a federal habeas petition." *Id.* at 2129. However, the Court declined to address whether a federal court may equitably toll the limitations period during the pendency of a federal habeas corpus petition. *Id.* In his concurring opinion, Justice Stevens opined that the majority's opinion did not foreclose the availability of equitable tolling:

> [D]espite the Court's suggestion that tolling the limitations period for a first federal habeas petition would undermine the "purposes" of AEDPA, ... neither the Court's narrow holding, nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for

such a petition as a matter of equity. The Court's opinion does not address a federal court's ability to toll the limitations period apart from § 2244(d)(2)... Furthermore, a federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have intended to bar federal habeas review for petitioners who invoke the court's jurisdiction within the 1–year interval prescribed by AEDPA.

> ... In the context of the AEDPA's 1–year limitations period, which by its terms runs from "the date on which the judgment became final," *see* § 2244(d)(1)(A), the Courts of Appeals have uniformly created a 1–year grace period, running from the date of AEDPA's enactment, for prisoners whose state convictions became final prior to AEDPA.... Similarly, federal courts may well conclude that Congress simply overlooked the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more of claims have not been exhausted.... As a result, equitable considerations may make it appropriate for federal courts to fill in a perceived omission on the part of Congress by tolling AEDPA's state of limitations for unexhausted federal habeas petitions. Today's ruling does not preclude that possibility, given the limited issue presented in this case and the Court's correspondingly limited holding.

*Id.* at 2130 (Stevens, J. concurring).

In the pending case, this Court concludes that Petitioner is entitled to equitable tolling for the time his habeas corpus petition was pending in federal court. After filing his first habeas corpus petition, Petitioner filed a motion to hold his peti-

tion in abeyance or to dismiss it without prejudice so that he could return to state court and exhaust additional previously unexhausted claims. Thus, Petitioner diligently pursued his rights and, upon deciding that additional claims should be presented, promptly sought to hold his first petition or abeyance or to have it dismissed without prejudice so that he could satisfy the AEDPA's exhaustion requirements. This diligent pursuit of his rights coupled with the manifest injustice that would result from penalizing Petitioner for attempting to comply with the exhaustion requirements warrants equitable tolling of the limitations period for the pendency of the first habeas corpus petition.

Thus, the limitations period was equitably tolled from October 12, 1998 through August 24, 1999. When Petitioner filed his habeas corpus petition on October 12, 1998, forty-five days of the limitations period had elapsed. The limitations period was then tolled until this Court dismissed the first habeas corpus petition without prejudice on August 24, 1999. On that date, the limitations period, of which 320 days remained, resumed running. After 315 additional days elapsed, Petitioner filed a motion for relief from judgment in the trial court on July 5, 2000, once again tolling the limitations period. Respondent's argument that Petitioner's second motion for relief from judgment does not toll the limitations period because it contains claims not presented in the pending habeas corpus petition is meritless. Petitioner amended his petition to include those claims. Thus, the motion for relief from judgment tolled the limitations period. The limitations period, of which five days remained, continued to be tolled until Petitioner filed the pending petition on July 18, 2000. Thus, the petition was filed within the one-year limitations period.

## V. *Conclusion*

For the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion to Amend Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent shall file an answer, in accordance with Rule 5, Rules Governing Section 2254 cases, addressing the merits of the application for a writ of habeas corpus on or before **August 30, 2001**.