Gary GRAY, # 199729

v.

Lloyd L. WATERS, et al.

Civil No. S 98–3012.

United States District Court,
D. Maryland.

Nov. 19, 1998.

Gary Gray, MCI, Hagerstown, MD, pro se.

Ann N. Bosse, Office of the Attorney General, J. Joseph Curran, Jr., Office of the Attorney General, Baltimore, MD, for Respondents.

## MEMORANDUM OPINION

SMALKIN, District Judge.

Convicted in 1989 of rape and burglary, the petitioner now seeks, for the first time, federal habeas corpus relief challenging his Maryland convictions. On September 2, 1998, the Clerk of Court received the instant petition for writ of habeas corpus, which was dated August 10, 1998. Under the so-called "mailbox rule", *see United States v. Dorsey,* 988 F.Supp. 917, 919–20 (D.Md.1998), the Court is obliged to afford plaintiff the presumption that his petition was "filed" on its stated date, the Court thereby assuming that he handed it to prison officials on its stated date. Thus, for purposes related to this matter, the petition will be deemed to have been filed August 10, 1998.

Under 28 U.S.C. § 2244(d)(1), as amended, there is a one year period of limitations from the date of conviction beyond which the filing of a Section 2254 habeas corpus petition is untimely. In that Section 2244(d)(1) applied to convictions entered before its enactment, courts have held that the limitations period is actually one year from the date of conviction, or April 24, 1997, whichever is later. *Brown v. Angelone,* 150 F.3d 370 (4th Cir.1998).

Thus, on the face of it, petitioner's petition is not timely.

There is, however, a provision in the law that tolls limitations under Section 2244(d)(1) during any time when "a properly filed application for state post conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. Section 2244(d)(2).

The petitioner filed his state PCPA petition on April 23, 1997. By then, 364 of the 365 days for his federal filing under Section 2244(d)(1) had run. Limitations remain

---

tolled under Section 2233(d)(2) until the final disposition of his state PCPA petition, which occurred June 4, 1998, when the Court of Special Appeals of Maryland denied his application for leave to appeal. Md. Cts. & Jud. Proc.Code Ann., Section 12–202. At that point, petitioner had one day remaining to seek federal habeas corpus relief. Even according the petitioner the most liberal latitude in delayed notice, etc., there is no conceivable set of circumstances under which a filing in August, 1998, could be deemed to have been timely filed within the one day remaining limitations period under Section 2244(d)(1) from June 4, 1998.

A similar set of facts was before the Fourth Circuit in *Brisbane v. Beshears*, 1998 WL 609926 (4th Cir. Aug. 27, 1998). The petitioner there had been convicted prior to August, 1996, so he had until April 24, 1997, within which to file his federal habeas petition. He instituted state PCPA proceedings on January 31, 1997, when 282 days of the one year limitations period, according to *Brown v. Angelone, supra,* had elapsed. The Fourth Circuit held that the petitioner had 83 days of the limitations period remaining after the denial of state court relief within which to file his Section 2254 petition, which was time-barred because it was not filed until 140 days after the state courts finally denied relief. Although *Brisbane* is an unreported case, it is the only Fourth Circuit issuance on the point, so this Court has used it for guidance in interpreting the statute, recognizing that it is not binding precedent for *stare decisis* purposes.

■ Certainly, the limitations period does not begin to run anew for a year following denial of the state post conviction remedies. If Congress had meant that to be the case, it would have said so. It could be argued that leaving a petitioner only one day to seek federal habeas corpus review following a state PCPA denial is harsh, but he is the one who waited many, many years before seeking PCPA relief in the first place. The lapse of an additional day or two before instituting state PCPA review, would equally have foreclosed federal habeas corpus relief. Thus, it is appropriate to conclude that the filing of a state PCPA petition before the expiry of the limitations period under Section 2244 does not indefinitely postpone the running of limitations against a federal filing.

In that petitioner does not demonstrate any reason for postponed accrual under Section 2244(d)(1)(B)-(D), an Order will be entered separately, dismissing the present petition for federal habeas corpus relief, as time-barred.