**Darryl Jerome SMITH, # 179933,**
**Petitioner,**

v.

**Jimmy STEGALL, Respondent.**

No. 00–40242–FL.

United States District Court,
E.D. Michigan,
Southern Division.

April 13, 2001.

Raina I. Korbakis, Michigan Department of Attorney General, Corrections Division, Janet Van Cleve, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

Darryl Smith, Macomb Regional Correctional Facility, New Haven, MI, pro se.

### OPINION AND ORDER OF SUMMARY DISMISSAL

GADOLA, Senior District Judge.

Darryl Jerome Smith, ("petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction of one count of first degree murder, M.C.L. § 750.316, after a jury trial in the Recorder's Court for the City of Detroit in 1985. Petitioner was sentenced to life imprisonment. The petition presents claims of ineffective assistance of trial and appellate counsel and erroneous jury instructions. Petitioner claims that he is actually innocent of the crime of which he was convicted.

On December 15, 2000, respondent filed a motion to dismiss the petition, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). On December 29, 2000, petitioner filed a response to respondent's motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is dismissed with prejudice.

### I. BACKGROUND

Petitioner was convicted of the above offense after a jury trial in the Recorder's Court for the City of Detroit on May 23, 1985. Petitioner's conviction was affirmed on direct appeal. *People v. Smith,* Michigan Court of Appeals Docket No. 87336 (September 3, 1987). Petitioner failed to seek leave to appeal this decision to the Michigan Supreme Court.[1] Consequently, petitioner's direct appeal in the Michigan courts became final fifty-six days after the decision of the Michigan Court of Appeals, on October 29, 1987. M.C.R. 7.302(C)(3); *Seeger v. Straub,* 29 F.Supp.2d 385, 391 (E.D.Mich.1998).

Petitioner sought post-conviction relief in the state courts after the denial of his direct appeal. In February of 1994 petitioner filed a motion for relief from judgment in the trial court, which the trial court denied. In July of 1995, petitioner filed a delayed application for leave to appeal with the Michigan Court of Ap-

---

1. See, Affidavit of Corbin R. Davis dated August 4, 2000, respondent's Ex. 1.

peals, which was denied by that court. Petitioner sought leave to appeal this decision to the Michigan Supreme Court which rejected petitioner's application as untimely on June 24, 1996.[2]

According to petitioner, he filed a second motion for relief from judgment in the trial court on July 24, 1998. This motion was denied by the trial court on August 5, 1998. In August of 1998, petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Smith*, Michigan Court of Appeals Docket No. 213783 (May 10, 1999). Petitioner next filed a motion for rehearing which was denied on July 30, 1999. Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court which was denied. *People v. Smith*, Docket No. 115444, 2000 WL 264385 (February 29, 2000).

 The instant petition for writ of habeas corpus was filed with this Court on June 6, 2000.[3]

## II. *DISCUSSION*

The petition for writ of habeas corpus must be dismissed because it has not been filed within the one year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

 A petitioner whose state court proceedings were completed prior to the effective date of the habeas reform law generally has one year from April 24, 1996, the effective date of the AEDPA, to file his or her petition for writ of habeas corpus with the federal court. A petitioner whose convictions became final after the effective date of the AEDPA generally has one year from the date his or her conviction(s) became final to file his or her habeas corpus petition with the United States District Court. *Brown v. O'Dea*, 187 F.3d 572,

---

**2.** See, Affidavit of Corbin R. Davis dated August 8, 2000, respondent's Ex. 2.

**3.** Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin*, 68 F.Supp.2d 798, 799, n. 2 (E.D.Mich.1999)(Tarnow, J.). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id., citing to Torres v. Irvin*, 33 F.Supp.2d 257, 270 (S.D.N.Y.1998); *See also Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D.La.1999). Because petitioner's habeas petition is signed and dated June 6, 2000, and there is no evidence to the contrary, this Court assumes that this was the date that petitioner gave his petition to prison officials for mailing, thereby filing his petition with this Court.

576–77 (6th Cir.1999). A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D.Mich.1998)(Duggan, J.).

In the present case, petitioner's direct appeal became final on October 29, 1987, before the effective date of the AEDPA. Therefore, petitioner had until April 24, 1997, to file his petition with this Court to comply with the statute of limitations, unless the one year period was somehow tolled.

Petitioner had a properly filed motion for relief from judgment pending in the state courts on April 24, 1996, thereby tolling the habeas corpus statute of limitations. On February 6, 1996, the Michigan Court of Appeals denied petitioner's delayed application for leave to appeal the trial court's denial of his motion for relief from judgment. Petitioner sought rehearing in the Michigan Court of Appeals which was denied on April 25, 1996. Petitioner attempted to seek leave to appeal in the Michigan Supreme Court, but his application was rejected as untimely on June 24, 1996.

Consequently, petitioner's motion for relief from judgment was no longer pending in state court and the habeas corpus statute of limitations began running no later than June 24, 1996. *Swartz v. Meyers,* 204 F.3d 417, 424 (3d Cir.2000)(holding that the "period of limitations tolls during the time a prisoner has to seek review" in the state supreme court "whether or not review is actually sought.").

As respondent has noted, petitioner had no application for post-conviction relief pending in the state courts, or any application for other collateral relief pending between June 24, 1996, and June 24, 1997, one year later. Consequently, petitioner's one year habeas corpus limitations period expired no later than June 24, 1997.

■ In his response to the motion to dismiss, petitioner contends that his second motion for relief from judgment should toll the statute of limitations, rendering his habeas petition timely. Petitioner is mistaken. Petitioner's second motion for relief from judgment could not toll the one year limitations period, because the one year limitations period had already expired before he filed his second such motion.

According to petitioner, he filed his second motion for relief from judgment in the trial court in July of 1998. The trial court denied this motion on August 5, 1998. The Michigan Court of Appeals denied petitioner's application for leave to appeal on May 10, 1999, and denied rehearing on July 30, 1999. The Michigan Supreme Court denied petitioner's application for leave to appeal denial of this second motion for relief from judgment on February 29, 2000. *People v. Smith,* 461 Mich. 969, 609 N.W.2d 190 (2000).

Thus, it is true that petitioner had a second motion for relief from judgment pending in the state courts from July of 1998 through February 29, 2000. However, petitioner's one year limitations period expired on no later than June 24, 1997, one year after his *first* motion for relief from judgment was no longer pending in state court and well before his second motion was filed.

■ A second or subsequent motion for relief from judgment filed after the one year limitations period has expired does not extend the AEDPA's one year limitations period because it would be filed after the AEDPA's limitations period had expired. *Sorce v. Artuz,* 73 F.Supp.2d 292, 297 (E.D.N.Y.1999). A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period

remaining to be tolled. *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir.2000).

The tolling provisions of 28 U.S.C. § 2244(d)(2) do not re-start or revive the one year limitations period anew after there is a final decision on a state post-conviction motion. Instead, this section merely excludes the time a collateral attack is under submission to the state courts from the calculation of the one year statute of limitations period. *Cromwell v. Keane,* 33 F.Supp.2d 282, 285 (S.D.N.Y. 1999); *Gray v. Waters,* 26 F.Supp.2d 771, 772 (D.Md.1998). If the one year limitations period has already expired, filing another motion for state post-conviction relief will not add new time to the limitations period. A contrary interpretation of § 2244(d)(2) would allow a prisoner to avoid the effect of the AEDPA's one year statute of limitations through the device of bringing a belated state collateral attack. Once the limitations period has fully run, a new application for post-conviction review in the state courts of claims which could have been raised before the limitations period had run does not reset or restart the limitations period. *Smith v. McGinnis,* 208 F.3d 13, 16–17 (2d Cir.2000).[4]

Therefore, this Court concludes that the present petition for a writ of habeas is barred because it was not filed in compliance with the AEDPA's statute of limitations.

In the present case, petitioner has not offered any reasons for failing to file his petition for writ of habeas corpus within the one year limitations period. Petitioner has not alleged that the state has created any impediment to the filing of his habeas petition. Although the statute of limitations contained within the AEDPA is subject to equitable tolling, *See Moore v. Hawley,* 7 F.Supp.2d 901, 904 (E.D.Mich.1998)(Duggan, J.), an extension of time should be granted only if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time. *Id.* Petitioner fails to offer any reasons why it took him over six years following the denial of his direct appeal by the Michigan Court of Appeals and his failed attempt to obtain leave to appeal in the Michigan Supreme Court to file his first motion for relief from judgment and another six years before he filed his petition for a writ of habeas corpus in federal court.[5] For equitable tolling to apply, a habeas petitioner must diligently pursue habeas relief. *Craddock v. Mohr,* 215 F.3d 1325, 2000 WL 658023, * 2 (6th Cir. May 8, 2000). The doctrine of equitable tolling is

4. "The AEDPA takes into consideration circumstances, such as the discovery of new facts, that reset the statute of limitations. See 28 U.S.C. § 2244(d)(1)." *Smith v. McGinnis* at 16. Recognition by the United States Supreme Court of a constitutional right made retroactively applicable to cases on collateral review may also reset the statute of limitations. 28 U.S.C. § 2244(d)(1)(C). However, petitioner has not alleged in his petition or in his response to respondent's motion to dismiss that any of his claims rely upon newly discovered facts, or on a retroactive, newly established constitutional right.

5. Petitioner states that he did not file a petition for a writ of habeas corpus after his direct appeal or after his first motion for relief from judgment, because he was concerned that he had failed to exhaust state court remedies. Actually, it appears that petitioner had procedurally defaulted and had no state remedies left to exhaust when he failed to timely apply for leave to appeal to the Michigan Supreme Court in his direct appeal. (Petitioner also defaulted on Michigan Supreme Court review of his first motion for relief from judgment).

A state prisoner's habeas corpus claims are procedurally defaulted if the prisoner has failed to comply with an independent and adequate state procedural rule, thus causing default of the prisoner's federal claims in state court. *Coleman v. Thompson,* 501 U.S. 722, 735, n. 1, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). This can occur when an individual fails to present an issue to a state

not applicable where a habeas petitioner does not diligently pursue habeas relief. *Id.* Because petitioner has not adequately explained his failure to diligently pursue postconviction relief in the state courts or to seek a writ of habeas corpus with this Court, he is not entitled to equitable tolling of the limitations period. *See also, Jones v. Gundy,* 100 F.Supp.2d 485, 488 (W.D.Mich.2000).

Assuming that the actual innocence of a habeas petitioner might permit the filing of an untimely habeas petition, petitioner has failed to make a credible showing of actual innocence, where he has offered no new reliable evidence of innocence in support of his claim. *Cromwell v. Keane,* 33 F.Supp.2d at 286; *Thomas v. Straub,* 10 F.Supp.2d at 836. Petitioner claims that Judge Leonard Townsend of the Recorder's Court for the City of Detroit told him and counsel that, if petitioner elected a bench trial, he would be found guilty of armed robbery, not first degree felony murder. Despite this claim, the fact remains that petitioner was convicted of first degree murder after a jury trial. Petitioner has presented no evidence of actual innocence, new or old, to support his claim. Because petitioner has failed to assert a credible claim of actual innocence sufficient to excuse the one year limitations period, he is not entitled to have the statute of limitations tolled in this case. *Rockwell v. Jones,* 2000 WL 973675, * 5–7 (E.D.Mich. June 30, 2000)(Cohn, J.).

Federal courts are authorized to dismiss any habeas petition that appears legally

insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), citing to Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. Under Rule 4, summary dismissal is in order because it appears from the face of the petition that the application for writ of habeas corpus was not filed in compliance with the one year limitations period under the AEDPA. *See United States ex rel. Garza v. Ahitow,* 8 F.Supp.2d 1069, 1071 (N.D.Ill.1998).

### III. *ORDER*

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

appellate court upon the only opportunity to do so. *Teague v. Lane,* 489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994); *Seeger v. Straub,* 29 F.Supp.2d at 391. Petitioner committed a procedural default during his direct appeal by failing to timely seek leave to appeal in the Michigan Supreme Court.

In any event, petitioner's concern that his state remedies may not have been exhausted after the conclusion of his direct appeal or first post-conviction motion for relief from judgment does not explain or excuse his failure to file either his habeas petition, or alternatively, his second motion for post-conviction relief, until more than one year after his first motion for relief from judgment was no longer pending in state court.