**Nelson Brian SPENCER, Petitioner,**

v.

**Harold WHITE, Respondent.**

No. 03–CV–40073–FL.

United States District Court,
E.D. Michigan,
Southern Division.

May 14, 2003.

---

Nelson Spencer, Detroit, MI, pro se.

## OPINION AND ORDER
## OF DISMISSAL

GADOLA, District Judge.

### I. Introduction

Petitioner Nelson Brian Spencer has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges that, on November 25, 1992, a jury in Wayne County Circuit Court found Petitioner guilty of second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and twenty-five to fifty years in prison for the murder conviction.

Petitioner filed an appeal of right through counsel, but the Michigan Court of Appeals affirmed his conviction and sentence in an unpublished per curiam opinion. *See People v. Spencer*, No. 162149 (Mich. Ct.App. June 11, 1996). On May 30, 1997, the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." *People v. Spencer*, 454 Mich. 919, 564 N.W.2d 898 (1997).

On December 21, 1998, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion because Petitioner had not established "good cause" under Michigan Court Rule 6.508(D)(3) for not raising his claims in the appeal of right. Petitioner attempted to appeal the trial court's decision, but later moved to voluntarily dismiss his appeal so that he could raise additional claims in the trial court.[1]

On February 14, 2001, Petitioner filed a second motion for relief from judgment. Again, the trial court denied the motion because Petitioner had not established

"good cause" under Michigan Court Rule 6.508(D)(3) for failing to raise his claims on appeal. Petitioner appealed the trial court's decision without success. The Michigan Court of Appeals dismissed his appeal for lack of jurisdiction, because Petitioner was not entitled to appeal the denial or rejection of a successive motion for relief from judgment. *See People v. Spencer*, No. 239542 (Mich.Ct.App. Apr. 16, 2002). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On December 4, 2002, the supreme court denied leave to appeal because Petitioner's "motion for relief from judgment [wa]s prohibited by [Michigan Court Rule] 6.502(G)" and because Petitioner had "failed to demonstrate an exception to that rule." *People v. Spencer*, 467 Mich. 911, 654 N.W.2d 334 (2002). On February 28, 2003, the supreme court denied Petitioner's subsequent motion for reconsideration. *See People v. Spencer*, —— Mich. ——, 658 N.W.2d 489 (2003).

The pending habeas petition is dated March 20, 2003. Petitioner alleges that: (1) he received ineffective assistance of counsel; (2) the evidence was insufficient to support his murder conviction; (3) evidence of other acts or crimes was improperly admitted at trial; (4) the trial court failed to conduct an inquiry and excuse a juror who was exposed to extraneous matters; (5) his attorney advised him not to testify; (6) his sentence was too harsh and was based on improper factors; and (7) the cumulative effect of errors deprived him of a fair trial.

### II. Discussion

#### A. The Statute of Limitations

A threshold question is whether this action is barred by the statute of limitations.

---

1. He then learned that the Michigan Court of Appeals had never received his application for leave to appeal.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitation for habeas petitioners who attack their state court convictions. *See* 28 U.S.C. § 2244(d). The limitation period runs from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Because subsections (B) through (D) are not applicable here, the one-year period of limitation ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

■ A conviction becomes final under § 2244(d)(1)(A), and the statute of limitations begins to run, when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000) (citing *Isham v. Randle*, 226 F.3d 691, 694–95 (6th Cir.2000)). Petitioner's direct appeal to the Michigan Supreme Court came to an end on May 30, 1997, when the supreme court denied leave to appeal. Ninety days later, on August 28, 1997, Petitioner's opportunity to seek a writ of certiorari in the Supreme Court of the United States expired. *See* Sup.Ct. R. 13.1. Therefore, Petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on August 28, 1997. *See Bronaugh*, 235 F.3d at 283.

[2] Nonetheless, the statute of limitations is tolled while a prisoner's properly filed application for post-conviction review is under consideration in state court. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). An application remains pending until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

■ However, Petitioner allegedly filed his first motion for relief from judgment on December 21, 1998. By then, the one-year period of limitation had expired. The filing of Petitioner's motion did not delay the date on which Petitioner's conviction became final, *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir.2001), *cert. denied*, 534 U.S. 1135, 122 S.Ct. 1081, 151 L.Ed.2d 981 (2002), and the period of limitations did not begin to run anew when the state court concluded its review of Petitioner's motion. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.), *cert. denied*, 534 U.S. 905, 122 S.Ct. 237, 151 L.Ed.2d 171 (2001). Simply stated, Petitioner's motion did not affect the one-year statute of limitations because the limitations period had already run. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir.2002); *Bronaugh*, 235 F.3d at 283.

## B. *Equitable Tolling*

Petitioner concedes that his habeas petition was not timely filed. He nevertheless urges the Court to equitably toll the limitations period.

■ "Because th[e] statute of limitations is not jurisdictional ..., state prisoners who fail to file timely petitions may still file federal habeas corpus petitions if the prisoners can show that they are entitled to an equitable tolling of the statute of limitations." *McClendon v. Sherman,* 329 F.3d 490, 492–93 (6th Cir.2003) (citations omitted), *aff'g,* No. 00–40407, Summary Judgment for Respondent (E.D.Mich. Oct. 17, 2001) (Gadola, J.). However, "federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560–61 (6th Cir.2000) (citations omitted). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon,* 329 F.3d at 494–95 (citing *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002)).

■ The United States Court of Appeals for the Sixth Circuit has set forth the following five-factor inquiry for deciding whether equitable tolling is appropriate: "(1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id.* (quoting *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988)). These factors are not necessarily comprehensive, and not all the factors are relevant in all cases. *Miller v. Collins,* 305 F.3d 491, 495 (6th Cir.2002) (citing *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.), *cert. denied,* — U.S. —, 123

S.Ct. 699, 154 L.Ed.2d 638 (2002)). "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller,* 305 F.3d at 495 (citing *Cook,* 295 F.3d at 521).

■ Petitioner alleges that (1) he lacked notice and constructive knowledge of the filing requirement, (2) he was diligent in pursuing his rights, and (3) his ignorance of the filing requirement was reasonable. In addition, Petitioner alleges that he is innocent and that there is an absence of prejudice to the respondent. Because prejudice to the respondent "may only be considered if other factors of the test are met," *Dunlap v. United States,* 250 F.3d 1001, 1009 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001), the critical factors are whether Petitioner has been diligent in pursuing his claims and whether his alleged ignorance of the filing requirement was reasonable.

Petitioner alleges that, when the Michigan Supreme Court denied his application for leave to appeal on May 30, 1997, he went to the law library and inquired about the deadline for filing a pleading in federal court. He allegedly was told that there was no deadline. He subsequently reviewed the federal form for habeas corpus petitions, which did not mention the limitations period, and concluded that there was no one-year statute of limitations. He then sought assistance from another prisoner and prepared his motion for relief from judgment.

■ Although Petitioner does not allege when he became aware of the statute of limitations, prisoners whose convictions became final before the AEDPA was enacted were given a one-year grace period to file their habeas petitions. *See Cook,* 295 F.3d at 519; *Brown v. O'Dea,* 187 F.3d 572, 577 (6th Cir.1999), *overruled on other grounds,* 530 U.S. 1257, 120 S.Ct. 2715, 147 L.Ed.2d 980 (2000). The one-year grace

period from the effective date of the AEDPA is considered a reasonable period of time, regardless of any delay in notice to prisoners. *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999). Petitioner waited more than fifteen months after his conviction became final to file his first motion for relief from judgment. Moreover, ignorance of the law does not constitute an extraordinary circumstance justifying equitable tolling, *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991), even for an incarcerated *pro se* petitioner. *Fisher,* 174 F.3d at 714.

 Petitioner intimates that he was aware of the possibility of a statute of limitations, but received bad legal advice. Equitable tolling is not warranted in cases of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Nor is it warranted when there has been a mistake in interpreting a statutory provision. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). The Court concludes that Petitioner was not diligent in pursuing his claims and that his professed ignorance of the filing requirement in mid–1997, more than a year after the AEDPA was enacted, was unreasonable.

### C. *The Exception for Actual Innocence*

 The Court need not consider whether the Constitution requires an "actual innocence" exception to the AEDPA's statute of limitations unless Petitioner can demonstrate that he is actually innocent. *See Lardie v. Birkett,* 221 F.Supp.2d 806, 808 (E.D.Mich.2002) (Gadola, J.) ("The Court will not reach the question of whether there is an 'actual innocence' exception to § 2244(d)(1) unless a petitioner is able to demonstrate actual innocence of the charges for which he was convicted.") (citing *Whalen v. Randle,* 37 Fed.Appx. 113, 121 (6th Cir.2002) (citing *Lucidore v. N.Y.*

*State Div. of Parole,* 209 F.3d 107, 114 (2d Cir.2000))). Petitioner has not alleged any new reliable evidence that was not presented at trial. *See Lucidore,* 209 F.3d at 114. Therefore, even if an "actual innocence" exception applies to the habeas statute of limitations, the exception does not benefit Petitioner. *See Lardie,* 221 F.Supp.2d at 808.

### III. *Conclusion*

The statute of limitations expired before Petitioner filed his habeas petition, and he is not entitled to equitable tolling of the limitation period.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for the writ of habeas corpus is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), he may file a **MOTION** for a COA within **THIRTY (30) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) ("***We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.***") (emphasis added).

**SO ORDERED.**