**Robert C. REDMOND, Petitioner,**

v.

**Andrew JACKSON, Respondent.**

No. CIV. 03–40083.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 9, 2003.

768

Robert Redmond, Thumb Correctional Facility, Lapeer, MI, Pro se.

Brenda E. Turner, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Andrew Jackson, Warden, respondent.

## OPINION AND ORDER OF SUMMARY DISMISSAL

GADOLA, District Judge.

Petitioner, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* petition for the writ of habeas corpus, in which he challenges his convictions for first-degree felony murder, Mich. Comp. Laws § 750.316, conspiracy to commit armed robbery, Mich. Comp. Laws § 750.157a and § 750.529, and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent filed a motion for summary judgment, contending that the petition was not filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner filed a response to the motion for summary judgment. For the reasons stated below, the Court will dismiss the petition for the writ of habeas corpus with prejudice.

## I. BACKGROUND

Petitioner was convicted of the above offenses following a bench trial in the Detroit Recorder's Court and was sentenced on August 21, 1989. Petitioner filed a claim of appeal, which was dismissed on June 13, 1990, by the Michigan Court of Appeals for lack of jurisdiction because Petitioner did not request the appointment of appellate counsel within fifty-six days of judgment. Thereafter, Petitioner filed, through appointed counsel, a delayed application for leave to appeal to the Michigan Court of Appeals, which was granted. On November 9, 1994, the Michigan Court of Appeals vacated the armed robbery conviction but affirmed Petitioner's other convictions. Petitioner's application for leave to appeal to the Supreme Court of Michigan was rejected on January 5, 1995, as being untimely. *See* Affidavit of Corbin R. Davis, Clerk of the Supreme Court of Michigan (June 11, 2003).

Petitioner subsequently filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court on November 9, 1999.[1] After the motion for relief from judgment was denied by the trial court, the Michigan Court of Appeals denied leave to appeal on April 16, 2002. The Supreme Court of Michigan concluded state post-conviction proceedings in this matter by denying Petitioner leave to appeal on December 30, 2002. *People v. Redmond,* 467 Mich. 931, 655 N.W.2d 566 (2002) (citing Mich. Ct. R. 6.508(D)). The instant petition was signed and dated April 3, 2003.[2]

## II. ANALYSIS

■ Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir.2000) (quoting Fed.R.Civ.P. 56(c)). To defeat a summary judgment motion, the non-moving party must set forth spe-

---

1. In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Anthony v. Michigan,* 35 F.Supp.2d 989, 996–97 (E.D.Mich.1999).

2. Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on April 3, 2003, the date that it was signed and dated. *See Neal v. Bock,* 137 F.Supp.2d 879, 882 n. 1 (E.D.Mich.2001).

cific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Harris v. Stegall,* 157 F.Supp.2d 743, 746 (E.D.Mich. 2001).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one year statute of limitations applies to an application for the writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A federal court will dismiss a case when a habeas petitioner does not comply with the one year statute of limitations. *Smith v. Stegall,* 141 F.Supp.2d 779, 782 (E.D.Mich.2001) (Gadola, J.).

■ Here, the Michigan Court of Appeals resolved Petitioner's direct appeal on November 9, 1994. Petitioner's application for leave to appeal was rejected as untimely by the Supreme Court of Michigan. *See* Mich. Ct. R. 7.302(C)(3). Because Petitioner did not file a timely application to the Supreme Court of Michigan, his conviction became final, for purposes of § 2244(d)(1)(A), on January 4, 1995, when the time for seeking leave to appeal with the Supreme Court of Michigan expired. *Erwin v. Elo,* 130 F.Supp.2d 887, 889 (E.D.Mich.2001); Mich. Ct. R. 7.302(C)(3).

■ Nevertheless, because Petitioner's conviction became final prior to the April 24, 1996, enactment date of AEDPA, Petitioner had one year from the enactment date to file a habeas petition in federal court. *Porter v. Smith,* 126 F.Supp.2d 1073, 1074–75 (E.D.Mich.2001) (Gadola, J.). Absent state collateral review, Petitioner would have been required to file his habeas petition with this Court no later than April 24, 1997, in order for the petition to be timely. *Id.* Here, Petitioner filed a post-conviction motion for relief from judgment with the trial court on November 9, 1999, which was well after April 24, 1997. Although the time consumed by state collateral review is not counted toward the limitations period, *see* 28 U.S.C. § 2244(d)(2), a state court post-conviction motion or other collateral motion filed after the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Smith,* 141 F.Supp.2d at 782–83. In other words, if the one-year period has already expired, filing a motion for state post-conviction relief will not add new time to the already-expired period. Therefore, Petitioner's post-conviction motion for relief from judgment, which was filed after the limitations period had already expired on April 27, 1997, does not alter the result in this situation: the instant habeas petition is untimely. 28 U.S.C. § 2244(d).

In his response to the summary judgment motion, Petitioner makes four arguments to support his contention that the instant petition is timely. First, Petitioner contends that his judgment of conviction

never became final, as contemplated by § 2244(d)(1)(A), because he was never afforded "direct review" of his conviction. Petitioner claims that his delayed application for leave to appeal his conviction, which was granted by the Michigan Court of Appeals, is not the equivalent of the appeal of right that he is guaranteed under Michigan's constitution; therefore, according to Petitioner, he has not had an opportunity for "direct review" so as to commence the running of the statute of limitations.

■ In determining whether a particular state procedure constitutes part of the "direct review" process for purposes of AEDPA's limitations period, the Court must defer to the underlying state court characterization of the procedure. *Orange v. Calbone*, 318 F.3d 1167, 1170 (10th Cir. 2003). In *Orange*, the United States Court of Appeals for the Tenth Circuit held that the "appeal out of time" procedure offered to defendants by the Oklahoma Court of Criminal Appeals was part of the direct appeal process under Oklahoma law, and was therefore part of the "direct review" process within the meaning of § 2244(d)(1)(A) for purposes of determining when the limitations period commenced to run. *Id.*

■ Under Michigan Court Rule 7.204(A)(2), as was in effect at the time of Petitioner's conviction, Petitioner would have had fifty-six days from the date of the judgment of sentence to file an appeal of right with the Michigan Court of Appeals. However, if Petitioner did not timely file an appeal of right, under the state court rules in effect at the time of his sentence, Petitioner would have had eighteen months in which to file a delayed application for leave to appeal with the Michigan Court of Appeals. Mich. Ct. R. 7.205(F). Here, Petitioner's appellate counsel filed an application for leave to appeal, which was granted by the Michigan Court of

Appeals. If an application for leave to appeal is granted, the case then proceeds as an appeal of right. Mich. Ct. R. 7.205(D)(3); *People v. McKendrick*, 188 Mich.App. 128, 145, 468 N.W.2d 903, 911–12 (1991). Here, the Michigan Court of Appeals granted Petitioner's application for leave to appeal, and Petitioner was given an appeal of right. This is evidenced by the fact that the Michigan Court of Appeals issued a written opinion in the case and actually vacated one of his convictions. Petitioner was therefore afforded "direct review" of his conviction and the one-year limitations period began to run on January 4, 1995, when Petitioner failed to file a timely application for leave to appeal with the Supreme Court of Michigan following the Michigan Court of Appeals' decision.

■ Second, Petitioner contends that the limitations period should be tolled due to newly discovered evidence. Under 28 U.S.C. § 2244(d)(1)(D), the one-year period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. However, the time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000). Also, under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. *Id.* In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Sorce v. Artuz*, 73 F.Supp.2d 292, 294–95 (E.D.N.Y.1999).

Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits. *Tate v. Pierson,* 177 F.Supp.2d 792, 800 (N.D.Ill.2001)(citing to *Flanagan v. Johnson,* 154 F.3d 196, 198–99 (5th Cir.1998)). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard,* 36 Fed.Appx. 801, 804 (6th Cir.2002).

 Here, Petitioner claims that he had newly discovered evidence of his innocence in the form of an affidavit from a co-defendant, Mark Ford, which Petitioner claims that he did not receive until January 14, 1998. Petitioner also contends that the running of the one-year period should be delayed because he was not provided with a copy of his co-defendant's jury instructions, which he claims that the trial court relied upon in reaching its decision in his bench trial, until September 1999. The primary problem the Court has with invoking § 2244(d)(1)(D) to allow the one-year period to run from the date of the discovery of this evidence is that Petitioner has failed to offer any explanation how the factual predicate of his claims could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover these claims. Because Petitioner does not indicate when he discovered the factual predicate of his claims, the Court is unable to determine when the one-year period would commence pursuant to § 2244(d)(1)(D). *Grayson v. Grayson,* 185 F.Supp.2d 747, 750 (E.D.Mich.2002). This Court is unable to accept any argument from Petitioner that the factual predicate for his claims could not have been discov-

ered sooner because any such argument is unsupported and conclusory. *Id.* In particular, Petitioner cannot invoke the provisions of § 2244(d)(1)(D) with respect to Mark Ford's affidavit because Petitioner does not state when he learned about the underlying facts contained in Ford's affidavit. *Tate,* 177 F.Supp.2d at 800. Moreover, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. *Sorce,* 73 F.Supp.2d at 294–95. Thus, the commencement of the one-year period would not be delayed while Petitioner was attempting to obtain the jury instructions from his co-defendant's trial.

 Third, Petitioner appears to argue that the trial court's delay in providing him with the co-defendant's jury instructions constituted an impediment which would delay the commencement of the one-year limitations period. When a federal habeas petitioner relies on § 2244(d)(1)(B), which delays the running of the one-year period when an impediment resulting from unlawful state action has prevented a petitioner from timely filing his petition, a petitioner must "allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a cause of action before the limitation period expired." *Neuendorf v. Graves,* 110 F.Supp.2d 1144, 1153 (N.D.Iowa 2000) (internal quotation omitted). The "plain language" of § 2244(d)(1)(B) "makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original). Here, Petitioner has failed to show that the trial court's failure to provide him with the jury instructions from his co-defendant's trial prevented him from filing a motion for relief from judgment on time. Under

Michigan Court Rule 6.507, Petitioner could have filed a motion with the trial court at the time that he filed the motion for relief from judgment to expand the record to include the co-defendant's jury instructions. Petitioner has therefore failed to show that the trial court's failure to provide him with the co-defendant's jury instructions actually prevented him from filing his post-conviction motion in a timely manner.

■ Fourth, Petitioner claims that the limitations period should be tolled pursuant to an "actual innocence" exception. The United States Court of Appeals for the Sixth Circuit has stated that "[n]o actual innocence exception to § 2244(d)(1) exists in the language of the statute itself, and this Circuit has yet to endorse an actual innocence exception." *Whalen v. Randle,* 37 Fed. Appx. 113, 120 (6th Cir. 2002). In *Lardie v. Birkett,* 221 F.Supp.2d 806 (E.D.Mich.2002) (Gadola, J.), this Court held that an untimely habeas petition was not excused under an "actual innocence exception," relying on *Whalen.* *See* 221 F.Supp.2d at 808–09. In *Lardie,* this Court followed the approach in *Whalen* and declined to determine whether an actual innocence exception exists because the petitioner in *Lardie* failed to demonstrate that he was actually innocent. *Id.*

Here, Petitioner claims that he is actually innocent of the first-degree felony murder charge because there was insufficient evidence presented at trial to show that he intended to kill the victim. Petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists in Petitioner's case for purposes of tolling the statute of limitations period. *Grayson,* 185 F.Supp.2d at 752; *Holloway v. Jones,* 166 F.Supp.2d 1185, 1191 (E.D.Mich.2001).

■ Moreover, an intent to kill is not a requisite element of first-degree felo-

ny murder. The elements of first-degree felony murder are: "(1) the killing of a human being; (2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (i.e., malice); (3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute." *Terry v. Bock,* 208 F.Supp.2d 780, 794 (E.D.Mich.2002) (Gadola, J.) (citing to *People v. Carines,* 460 Mich. 750, 759, 597 N.W.2d 130 (1999)). The facts and circumstances surrounding a killing can give rise to an inference of malice. A factfinder can infer malice from evidence that a defendant intentionally set into motion a force likely to cause death or great bodily harm. *Terry,* 208 F.Supp.2d at 794. Here, Petitioner was convicted under a theory of aiding and abetting. Petitioner, by his own admission, admits that the evidence at trial established that he discussed committing an armed robbery with the other defendants and provided a firearm to the other defendants, even though he was not present at the time that the actual robbery and murder took place.

In *People v. Hart,* 161 Mich.App. 630, 411 N.W.2d 803 (1987), the Michigan Court of Appeals affirmed a defendant's conviction as an aider and abettor to first-degree felony murder, when the underlying felony was armed robbery. The Court of Appeals found that the defendant's involvement in a robbery, when a gun was involved, showed wanton and wilful disregard of the likelihood that the natural tendency of his behavior would cause death or serious bodily injury. *Hart,* 161 Mich. App. at 635, 411 N.W.2d at 805. Other cases have reached the same result. *See, e.g., People v. Turner,* 213 Mich.App. 558, 572–73, 540 N.W.2d 728, 735 (1995) (evidence supported finding of malice sufficient to support conviction for aiding and

abetting first-degree felony murder; defendant knew that the co-defendant was armed during the commission of the armed robbery in which the co-defendant killed the victim and, thus, defendant knew of the co-defendant's intent to at least cause great bodily harm); *Harris v. Stovall,* 22 F.Supp.2d 659, 667 (E.D.Mich. 1998) (habeas petitioner's participation in armed robbery, involving a loaded firearm, manifested a wanton and reckless disregard that death or serious bodily injury could occur, thus, petitioner could be found guilty of felony murder, regardless of whether he shot the victim or participated in the robbery in another capacity).

▬ Here, it was unnecessary under Michigan law for the prosecution to prove that Petitioner had an intent to kill the victim. Petitioner's act of providing a firearm to be used in an armed robbery demonstrated a wanton and wilful disregard of the fact that a person could be killed or suffer great bodily harm during the course of the robbery. Therefore, Petitioner's actual innocence claim lacks merit, and, to the extent that any actual innocence exception to the statute of limitations exists, it does not apply in this case. *Whalen,* 37 Fed. Appx. at 121; *Lardie,* 221 F.Supp.2d at 809.

### III. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900,

903 (6th Cir.2002) (*"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."* (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

### *JUDGMENT*

The above entitled action having come before the Court on a petition for the writ of habeas corpus, 28 U.S.C. § 2254, the *Honorable Paul V. Gadola* presiding, the issues having been fully presented, the Court being fully advised in the premises, and a ruling having been duly rendered, **IT IS ORDERED AND ADJUDGED** that Petitioner is entitled to **NO RELIEF** and that this action be, and the same hereby is, **DISMISSED WITH PREJUDICE.**