**Tommy FUGATE, Petitioner,**

**v.**

**Raymond BOOKER, Respondent.**

**No. CIV.03–40243–FL.**

United States District Court,
E.D. Michigan,
Southern Division.

June 9, 2004.

858

Brenda E. Turner, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

Tommy Fugate, Detroit, MI, pro se.

## OPINION AND ORDER OF SUMMARY DISMISSAL

GADOLA, District Judge.

Tommy Fugate, ("petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus, in which he challenges his convictions for second-degree murder, M.C.L.A. 750.317; M.S.A. 28.549; possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b; M.S.A. 28.424(2); felon in possession of a firearm, M.C.L.A. 750.224(f)(1); M.S.A. 28.421(6)(1); and being a second felony habitual offender,

M.C.L.A. 769.10; M.S.A. 28.1082. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has not filed a response to the motion for summary judgment. For the reasons stated below, the application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

### I. Background

Before his trial, petitioner pleaded guilty to felon in possession of a firearm. Petitioner was subsequently convicted of second-degree murder and felony-firearm following a jury trial in the Oakland County Circuit Court. Petitioner subsequently pleaded guilty to being a second felony habitual offender.

Petitioner filed a claim of appeal on all of the charges. On October 17, 1997, petitioner's claim of appeal on his felon in possession of a firearm conviction was dismissed for lack of jurisdiction by the Michigan Court of Appeals because there is no appeal of right under Michigan law for a conviction that arises out of a guilty plea. Petitioner then filed an application for leave to appeal the felon in possession of a firearm conviction, which was denied by the Michigan Court of Appeals on February 27, 1998. The Michigan Supreme Court denied petitioner leave to appeal with respect to that conviction on November 24, 1998. *People v. Fugate,* 459 Mich. 914, 589 N.W.2d 285 (1998). The Michigan Court of Appeals affirmed petitioner's second-degree murder, felony-firearm, and habitual offender convictions on January 19, 1999. The Michigan Supreme Court denied petitioner leave to appeal these convictions on August 31, 1999. *People v. Fugate,* 461 Mich. 856, 602 N.W.2d 387 (1999).

Petitioner subsequently filed a post-conviction motion for relief from judgment

with the Oakland County Circuit Court on December 11, 2001. After the motion for relief from judgment was denied by the trial court, the Michigan Court of Appeals denied petitioner leave to appeal on June 17, 2003. Petitioner's application for leave to appeal was rejected by the Michigan Supreme Court on August 29, 2003, because it was untimely filed.[1] The instant petition was signed and dated September 24, 2003.[2]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir.2000) (quoting Fed.R.Civ.P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson*, 295 F.Supp.2d 767, 770 (E.D.Mich.2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *Smith v. Stegall*, 141 F.Supp.2d 779, 782 (E.D.Mich.2001).

Petitioner's direct appeals with the Michigan courts were completed on August 31, 1999, when the Michigan Supreme Court denied his second application for leave to appeal. Petitioner's conviction therefore became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir.2000). Thus, Petitioner's judgment became final on November 29, 1999, when he failed to file a petition for writ of certiorari with the United States Supreme Court. *Thomas v. Straub*, 10 F.Supp.2d 834, 835 (E.D.Mich. 1998). Petitioner therefore had until November 29, 2000, to timely file his federal

---

1. *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated March 4, 2004.

2. Under the prison mailbox rule, this Court will assume that petitioner actually filed his

habeas petition on September 24, 2003, the date that it was signed and dated. *See Neal v. Bock*, 137 F.Supp.2d 879, 882, fn. 1 (E.D.Mich.2001).

habeas petition in compliance with the statute of limitations unless the one year period was somehow tolled.

■ In the present case, petitioner filed a post-conviction motion for relief from judgment with the trial court on December 11, 2001, after the one year limitation period had already expired. Section 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted toward the period of limitations contained in the statute. *Corbin v. Straub,* 156 F.Supp.2d 833, 836 (E.D.Mich. 2001). However, the filing of the post-conviction motion in this case did not delay the date on which petitioner's conviction became final, nor did the limitations period begin to run anew when the state court concluded its review of petitioner's post-conviction motion. *Spencer v. White,* 265 F.Supp.2d 813, 816 (E.D.Mich.2003). Petitioner did not have one year following the denial of his post-conviction motion for relief from judgment to file his habeas petition with this Court, because the one year limitations period under the AEDPA begins to run at the conclusion of the direct review of a habeas petitioner's conviction, and not on the date on which a habeas petitioner has exhausted all of his state post-conviction remedies. *Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir.2001). Thus, a state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Redmond,* 295 F.Supp.2d at 770; *Smith,* 141 F.Supp.2d at 782–83. If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations

period. *Redmond,* 295 F.Supp.2d at 770. "A contrary interpretation of § 2244(d)(2) would allow a prisoner to avoid the effect of the AEDPA's one year statute of limitations through the device of bringing a belated state collateral attack." *Smith,* 141 F.Supp.2d at 783. Petitioner's post-conviction motion therefore did not affect the AEDPA's one year limitations period, because the limitations period had already expired. *Spencer,* 265 F.Supp.2d at 816.

■ The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir.2001). The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly" and that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Dunlap,* 250 F.3d at 1008–10.

■ Petitioner never responded to the motion for summary judgment, although he was given an opportunity to do so.[3] However, as respondent indicated in the motion for summary judgment, petitioner appears to have believed that he had one year from the conclusion of his post-conviction proceedings in the state courts to timely file his petition with this Court.[4] A habeas petitioner's ignorance as to the proper calculation of the limitations period for filing a federal habeas petition does not warrant equitable tolling. *See Pearson v. North Carolina,* 130 F.Supp.2d 742, 744 (W.D.N.C.2001). In *Harris v. Hutchin-*

---

**3.** *See* Order Setting Deadline for Reply to Respondent's Motion, dated April 14, 2004 [Court's Docket Entry # 30].

**4.** *See* Petitioner's Application for Leave to Appeal, p. 2; ¶ 7.

son, 209 F.3d 325, 330–31 (4th Cir.2000), the Fourth Circuit held that a habeas petitioner was not entitled to equitable tolling of the limitations period because his attorney gave him mistaken advice that the limitations period began to run only at the conclusion of state post-conviction proceedings. In so ruling, the Fourth Circuit held that any such mistake was "not extenuated by any lack of clarity in the statute" and noted that the language contained in § 2244(d)(1) "unambiguously" provided that the one year limitations period would begin to run at the "conclusion of direct review." Id. at 331. Therefore, any miscalculation or misinterpretation by petitioner of the plain language contained in § 2244(d)(2) would not constitute an extraordinary circumstance sufficient to warrant equitable tolling of the statute of limitations. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir.2000); see also Spencer, 265 F.Supp.2d at 818 (equitable tolling not warranted where there has been a mistake in interpreting a statutory provision).

◼ In the present case, petitioner is not entitled to equitable tolling of the one year limitations period because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. Wilson v. Birkett, 192 F.Supp.2d 763, 766–67 (E.D.Mich.2002).

◼ Finally, although some courts have suggested that a claim of actual innocence of a habeas petitioner might permit the filing of an untimely habeas petition, this Court need not address that issue in this case because petitioner has failed to make a credible showing of actual innocence. Lardie v. Birkett, 221 F.Supp.2d 806, 808 (E.D.Mich.2002). Even if an "actual innocence" exception applies to excuse the untimely filing of a habeas petition, petitioner is not entitled to tolling of the limitations period on this basis because he has failed to present any new, reliable evidence which was not presented at his trial. Spencer, 265 F.Supp.2d at 818. Although petitioner challenges the legal sufficiency of the evidence to convict him on these charges [claim # 5], petitioner's sufficiency of evidence claim cannot be considered by this Court in determining whether an actual innocence exception exists for purposes of tolling the statute of limitations period. Redmond, 295 F.Supp.2d at 773.

### III. Order

Accordingly, the Court DISMISSES WITH PREJUDICE the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a MOTION for a COA within TWENTY-ONE (21) DAYS of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. See Castro v. United States, 310 F.3d 900, 903 (6th Cir.2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.") (emphasis added). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within FOURTEEN (14) DAYS of service of Petitioner's motion for a COA.

### JUDGMENT

The above entitled action having come before the Court on a petition for the writ of habeas corpus, 28 U.S.C. § 2254, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a ruling having been duly rendered, IT IS ORDERED AND ADJUDGED that Petitioner is entitled to NO RELIEF and

that this action be, and the same hereby is, **DISMISSED WITH PREJUDICE.**