**Kandee LEWIS, aka Kandee Denise Lewis, aka Kandee Gilbert– Lewis, Petitioner,**

v.

**Gwendolyn MITCHELL, Respondent.**

**No. CV 01–4943–NM(RC).**

United States District Court, C.D. California.

Nov. 6, 2001.

**1058**

Kandee Lewis, Chowchilla Central California Womens' Facility, Chowchilla, CA, pro se.

Marc A. Kohn, Deputy Attorney General, Los Angeles, CA, for respondent.

## MEMORANDUM DECISION AND ORDER

CHAPMAN, United States Magistrate Judge.

■ On April 26, 2001,[1] petitioner Kandee Lewis, aka Kandee Denise Lewis, aka Kandee Gilbert–Lewis, filed the pending application for habeas corpus relief challenging her conviction and sentence in Los Angeles County Superior Court case no. BA164658.[2] The petition raises the following claims: Grounds One and Three—Petitioner's sentence violates her constitutional

---

1. The "mailbox rule" applies to applications to both the California and federal courts for purposes of calculating tolling of the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996. *Dils v. Small,* 260 F.3d 984, 986 (9th Cir.2001); *Anthony v. Cambra,* 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied,* — U.S. —, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). Since the pending application is dated April 26, 2001, the Court uses that date as the filing date, rather than the date the petition was actually filed by the Clerk of Court. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir.2001) (per curiam) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [petitioner's] motion was delivered to prison authorities the day he signed it...."); *Marsh v. Soares,* 223 F.3d 1217, 1218 n. 1 (10th Cir.2000) ("Liberal application of the mailbox rule ... causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed." (citation omitted)), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001).

2. Pursuant to Fed.R.Evid. 201, this Court takes judicial notice of all documents in *People v. Lewis,* Los Angeles County Superior Court case no. BA164658.

rights under the 5th and 14th amendments; Ground Two—"Petitioner's plea agreement was illegal and in contravention to [sic] her constitutional rights under the 5th and 14th amendments"; Ground Four—Petitioner's constitutional right to effective assistance of counsel under the 6th amendment was violated;[3] Ground Five—Application of the "Three Strikes Law" to convictions incurred in 1994 violates due process and the prohibition against ex post facto laws; and Ground Six—Petitioner's sentencing violates the 8th Amendment proscription against cruel and unusual punishment.

On August 3, 2001, respondent filed a motion to dismiss the petition, arguing it is untimely and petitioner has failed to exhaust her state court remedies regarding Ground 2. The petitioner filed an opposition to the motion to dismiss on September 13, 2001, and a further reply on October 17, 2001. The respondent filed a reply to petitioner's opposition on October 19, 2001.

**I**

On November 18, 1998, in Los Angeles County Superior Court case no.

BA164658, petitioner pleaded guilty to, and was convicted of, three counts of fraudulent use of an access card in violation of California Penal Code ("P.C.") § 484g and one count of forging a name on a credit card in violation of P.C. § 484f(b). Motion to Dismiss ("Motion"), Exh. A. On the same date, petitioner was sentenced to six years on one count, one year and four months on each of the other counts, and one year for a prior prison term within the meaning of P.C. § 667.5(b), for a total term of 11 years in state prison. *Id.* The petitioner did not appeal her convictions. Petition at 3–4.

On March 12, 1999,[4] petitioner filed a motion for modification of sentence in the Los Angeles County Superior Court, arguing the evidence against her was false and her sentence was disproportionate to the crime she committed. The Superior Court denied this motion on March 31, 1999. Opposition, Exh. E.

On December 7, 1999, petitioner filed a habeas corpus petition in the Los Angeles County Superior Court, which denied the petition on March 1, 2000. Motion, Exh.

---

**3.** In an attachment to her petition, petitioner sets forth the following nineteen specific ways in which she contends her counsel rendered ineffective assistance to her by failing to: (a) preserve petitioner's right to appeal; (b) "conduct careful investigation of all defense of fact and law"; (c) investigate witnesses who "could corroborate" petitioner's defense; (d) "investigate evidence"; (e) investigate prior convictions to determine whether they were "strikable offenses", and whether the prosecution could prove the priors; (f) "investigate the laws regarding proof of priors"; (g) "thoroughly investigate the three-strikes law"; (h) "investigate the law regarding multiple punishment"; (i) "investigate laws regarding out of court photograph identification, tainted identification, and suppression of testimony given based on such identification"; (j) make the proper tactical choice of defense, and instead "made irrational uninformed decisions on strategy and tactics"; (k) "attempt to bar the eyewitness testimony"; (*l*) effectively

represent petitioner through sentencing; (m) "argue at sentencing"; (n) "present evidence in mitigation"; (n) "request a 654–hearing or argue for concurrent sentencing"; (*o*) "object to court's failure to state reasons" for sentence; (p) "make motion to strike" priors; (q) "object to court waiving arraignment for judgment; application for probation, right of allocution, pre-sentence report, and time for sentencing"; (r) "understand, advocate, and clarify permissible sentencing choices"; and (s) "perform with reasonable competence."

**4.** As discussed below, the Court considers this motion for modification of sentence to be a "properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2); thus, since the motion was dated March 12, 1999, the Court uses that date as the filing date. *Washington,* 243 F.3d at 1301; *Marsh,* 223 F.3d at 1218 n. 1.

B. On March 15, 2000, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on March 21, 2000. Motion, Exh. C. Finally, on April 22, 2000, petitioner filed an application for habeas corpus relief in the California Supreme Court, which denied the application on August 9, 2000. Motion, Exh. D.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.1997), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner did not appeal her conviction to the California Court of Appeal, and the conviction became final 60 days after petitioner was sentenced on November 18, 1998. *See* California Rules of Court, Rule 31(d). Thus, for petitioner, the statute of limitations under the AEDPA began to run on January 18, 1999, and expired on January 17, 2000. The instant action was not filed until more than one year after the statute of limitations had run. However, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending in the California courts.

 Here, petitioner filed a motion to modify her sentence in the Los Angeles County Superior Court on March 12, 1999, and that motion was denied on March 31, 1999. This motion for modification of sentence is a "properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) for several reasons: First, petitioner's motion was accepted for filing and denied on the merits by the Superior Court. *Cf. Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000); *Hunter v. Aispuro,* 982 F.2d 344, 348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). Second, Section 2244(d)(2) "applies to all types of state collateral review available after a conviction and not just to those denominated 'post-conviction' in the parlance of a particular jurisdiction." *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2127, 150 L.Ed.2d 251 (2001); *Tillema v. Long,* 253 F.3d 494, 499–502 (9th Cir.2001). Third,

the motion for modification of sentence is an application challenging the pertinent state court judgment. *See Tillema*, 253 F.3d at 502 (holding motion to vacate sentence challenging erroneous information in presentence report is "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" and also stating "AEDPA's period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition").

■ As of March 12, 1999, petitioner had "used" 53 of her allotted 365 days, and had 312 days left on the statute of limitations period. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). In Nino, the Ninth Circuit held that "the statute of limitations is tolled from the time the first state [post-conviction] petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Id.* (footnotes omitted). This holding, however, contemplates that the state inmate first files a petition in the state's superior court, then proceeds to the California Court of Appeal, and concludes her state review in the California Supreme Court. *Id.* at 1006 n. 2 & n. 3. Here, the petitioner first filed a request for modification of sentence in the Los Angeles County Superior Court and then **also** filed a habeas corpus petition in the Los Angeles County Superior Court— a situation not addressed by Nino. *Id.* at 1006–07 n. 4. The statute of limitations cannot be tolled for the period of time between the Superior Court's denial of the petitioner's motion for modification of sentence and the filing of her habeas corpus petition because no petition was "pending" during that interval. *See, e.g., Rowe v. LeMaster*, 225 F.3d 1173, 1175 (10th Cir. 2000) (AEDPA's limitation period not tolled during time between successive state petitions; nor could second state petition relate back to earlier filed petition when "the first state habeas proceeding has been reduced to a final, unappealed judgment."); *Villegas v. Johnson*, 184 F.3d 467, 472–73 (5th Cir.1999) (holding properly filed second or successive state habeas petition may toll AEDPA's statute of limitations but noting "any lapse of time before a state application is properly filed will be counted against the one-year limitation period"). Thus, the statute of limitations ran for 250 days, from April 1, 1999, through December 6, 1999, and petitioner had 62 days remaining on the limitations period when she filed her habeas corpus petition in the Los Angeles County Superior Court on December 7, 1999.

Under Nino, the statute of limitations was tolled from December 7, 1999, until the California Supreme Court denied petitioner's habeas corpus application. *Nino*, 183 F.3d at 1006. Under Rule 24 of the California Rules of Court, that denial was not final until thirty days after the date of denial (August 9, 2000). *Bunney v. Mitchell*, 262 F.3d 973, 974 (9th Cir.2001) (per curiam). Therefore, the limitations period was tolled until September 8, 2000, and petitioner had 62 days thereafter in which to file a federal habeas petition. However, the pending petition was not filed until April 26, 2001—well beyond that time; thus, it is untimely.

■ Nevertheless, this Court must consider whether petitioner has raised any grounds to equitably toll the AEDPA's statute of limitations. Equitable tolling is available " 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' " *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Jorss v. Gomez*, 266 F.3d 955, 957–58 (9th Cir.2001); *Frye v. Hickman*,

258 F.3d 1036, 1038 (9th Cir.2001); *Allen v. Lewis,* 255 F.3d 798, 799–800 (9th Cir. 2001) (per curiam); *see also Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618 (3d Cir.1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient.").

Here, petitioner is entitled to equitable tolling of the statute of limitations because she was not notified of the California Supreme Court's denial of her habeas corpus petition until February 26, 2001—more than five months after the denial. *See Woodward v. Williams,* 263 F.3d 1135, 1143 (10th Cir.2001) ("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of [her] case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."); *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir.2000) (per curiam) (A "delay in receiving notification [that petitioner's appeal has been denied] ... could qualify for equitable tolling."). The evidence presented to this Court shows that on August 9, 2000, the California Supreme Court denied petitioner's habeas corpus petition and mailed a copy of the denial to petitioner; however, the prison at which petitioner was confined returned the mail to the California Supreme Court because the petitioner's prisoner number did not appear on the envelope. Motion, Exh. D; Reply, Exhs. A–B. In fact, petitioner had provided her prisoner number to the California Supreme Court when she filed her habeas

corpus petition. Motion, Exh. D. Later, on or about January 20, 2001, petitioner inquired of the California Supreme Court about the status of her habeas corpus petition, and the Court sent her another copy of the denial, which petitioner received on February 26, 2001. Declaration of Kandee Lewis, ¶¶ 6, 8, Exh. A. Based on these facts, the AEDPA's limitations period should be equitably tolled from September 8, 2000, through February 26, 2001. Thus, as of February 26, 2001, petitioner had 62 days in which to file a federal habeas corpus petition. Since the pending petition was filed within that period, it is timely.[5]

Nevertheless, the respondent contends that even if petitioner did not learn of the California Supreme Court's denial of her habeas petition until February 26, 2001, she is not entitled to equitable tolling until that date because she did not promptly thereafter file her federal habeas corpus petition and, therefore, did not act with due diligence. This Court disagrees. The petitioner did not sit on her hands after learning that the California Supreme Court denied her habeas petition; rather, she filed a grievance with the prison in an attempt to obtain a letter stating the prison erred in returning to the California Supreme Court the mail to her showing the denial of her habeas corpus petition. Opposition, Exh. E. Thus, petitioner acted with the requisite due diligence, and the pending petition is timely.

Finally, respondent also contends that Ground 2 of the pending habeas corpus petition is unexhausted because petitioner did not specifically reference double jeopardy in her habeas petition to the California Supreme Court. This is not so; rather, petitioner specifically argued to the

---

**5.** Having determined the petition is timely, this Court need not address the other grounds for tolling, equitable or otherwise, raised by petitioner, including her use of the grievance process.

California Supreme Court that, among other things, her conviction "violate[s her] constitutional right against double jeopardy. . . ." *See* Motion, Exh. D. at 214.

## ORDER

Respondent's motion to dismiss is denied, and respondent shall file a return addressing the merits of petitioner's claims no later than November 26, 2001.