**Steven Taylor EARLS, aka Steve Earls, aka Steve Taylor Earls, Petitioner,**

v.

**Warden: Robert J. HERNANDEZ, Respondent.**

**No. CV 05 1656 SVW RC.**

United States District Court, C.D. California.

Oct. 21, 2005.

Donald E. Landis, Jr., Santa Ana, CA, for Petitioner.

Holly D. Wilkens, CAAG—Office of Attorney General of California, San Diego, CA, for Respondent.

## ORDER ADOPTING FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

WILSON, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the petition and other papers along with the attached Final Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections (presented by counsel), and has made a *de novo* determination.

IT IS ORDERED that (1) the Final Report and Recommendation is approved and adopted; (2) the Final Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Final Report and Rec-

ommendation and Judgment by the United States mail on the parties.

## FINAL REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

WILSON, United States Magistrate Judge.

This Final Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On May 4, 2000, in Orange County Superior Court case no. 00SF0188, an information was filed charging petitioner Steven Taylor Earls, aka Steve Earls, aka Steve Taylor Earls, with one count of first degree burglary of an inhabited structure in violation of California Penal Code ("P.C.") § 459–460(a), and alleging petitioner had suffered five prior convictions within the meaning of the Three Strikes law, P.C. §§ 667(d), (e)(2) and 1170.12(b), (c)(2), and three prior serious felonies within the meaning of P.C. § 667(a). Lodgment no. 1. On March 29, 2001, in a bifurcated proceeding, petitioner pleaded guilty to, and was convicted of, one count of violating P.C. § 459–460(a) (first degree burglary of an inhabited structure), and the trial court found all five prior strike convictions to be true and all three prior serious felonies to be true. Lodgment nos. 2–4. On the same date, the trial court exercised its discretion under P.C. § 1385 and struck four of the five prior convictions, and sentenced petitioner to the total term of 27 years in state prison, consisting of 12 years for the first degree burglary plus five years for each prior serious felony. *Id.* Petitioner did not appeal his conviction. First Amended Petition at 3.

■ On January 14, 2003,[1] petitioner, represented by counsel, filed an application for habeas corpus relief in the Orange County Superior Court, which was denied on February 10, 2003. Lodgment nos. 5–7, 9. On March 17, 2003, petitioner filed a habeas corpus petition in the California Court of Appeal, which was denied on June 5, 2003. Lodgment nos. 8, 10–13. On June 27, 2003, petitioner filed a petition for habeas corpus relief in the California Supreme Court, which was denied on March 17, 2004. Lodgment nos. 14–15.

### II

■ On March 4, 2005, petitioner, again proceeding through counsel, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his conviction and sentence, which the Court ordered amended pursuant to Local Rule 11–3.8. On March 17, 2005, petitioner filed a First Amended Petition ("FAP") challenging his sentence, and that petition is pending.[2] On May 27,

---

1. The "mailbox rule" does not apply to prisoner litigants who are represented by counsel. *Stillman v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir.2003); *Cousin v. Lensing,* 310 F.3d 843, 847 (5th Cir.2002), *cert. denied,* 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003); *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir.2000), *cert. denied,* 531 U.S. 1199, 121 S.Ct. 1207, 149 L.Ed.2d 120 (2001).

2. One of the grounds petitioner raises in the pending petition is that the defense attorney who represented him in 1996, when he pleaded guilty to his prior convictions in two separate criminal cases, Orange County Superior Court case no. C–100121 (complaint no. 91SF60378) and Orange County Superior Court case no. C–100120 (complaint no. 92SF68576), was ineffective for not moving to

2005, respondent filed a motion to dismiss, arguing the petition is untimely, and on July 25, 2005, petitioner filed his opposition to the motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") worked substantial changes to the law of habeas corpus. *Moore v. Calderon,* 108 F.3d 261, 263 (9th Cir.), *cert. denied,* 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to the petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> \*    \*    \*    \*    \*    \*

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this subsection.

28 U.S.C. § 2244(d).

The petitioner did not appeal his conviction to the California Court of Appeal, and the conviction became final 60 days after petitioner was sentenced on March 29, 2001. *See* former California Rules of Court, Rule 31(d) (2001); [3] *Lewis v. Mitchell,* 173 F.Supp.2d 1057, 1060 (C.D.Cal. 2001). Thus, for petitioner, the statute of limitations began to run on May 29, 2001, and expired on May 28, 2002, one year after his state court conviction became final. The instant action was not filed until almost three years after the statute of limitations had run; thus, it is untimely.

■ Nevertheless, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending in the California courts. Here, since petitioner filed his state habeas corpus petitions in 2003, after the statute of limitations had expired, these petitions neither tolled nor revived the expired limitations period. *Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003); *Green v. White,* 223 F.3d 1001, 1003 (9th Cir. 2000).

■ However, petitioner contends that Section 2244(d)(1)(D) applies to him, arguing the statute of limitations did not begin to run until November 26, 2002, when he received a declaration from his

---

consolidate those cases and pleas, thereby causing petitioner to be sentenced to an additional four years under P.C. § 667(a). FAP at 5. However, this claim is not cognizable on federal habeas review because petitioner's prior convictions are " 'no longer open to direct or collateral attack in [their] own right because the [petitioner] failed to pursue those remedies while they were available (or because the [petitioner] did so unsuccessful-

ly)....' " *Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 402, 121 S.Ct. 1567, 1573, 149 L.Ed.2d 608 (2001) (citing *Daniels v. United States,* 532 U.S. 374, 382, 121 S.Ct. 1578, 1583, 149 L.Ed.2d 590 (2001)).

**3.** Effective January 1, 2004, the substance of former Rule 31(d) is now found in Rules 30(b) and 30.1(a).

former trial counsel to support his ineffective assistance of counsel claim. *See* Lodgment no. 14, Exh. O. There is no merit to this argument since under Section 2244(d)(1)(D), AEDPA's statute of limitations commences when petitioner knows or through the exercise of due diligence should discover the factual predicate of his claims, not when petitioner learns the legal significance of those facts. *Redd v. McGrath,* 343 F.3d 1077, 1084 (9th Cir. 2003); *Hasan v. Galaza,* 254 F.3d 1150, 1154 n. 3 (9th Cir.2001); *see also Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir.2004) ("Section 2244(d)(1)(D) provides a petitioner with a later accrual date than Section 2244(d)(1)(A) only 'if vital facts could not have been known.'") (quoting *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir.2000)), *cert. denied,* —— U.S. ——, 125 S.Ct. 2261, 161 L.Ed.2d 1067 (2005).

Here, even if petitioner did not understand their legal significance, he knew as early as 1996 the facts vital to his claim that his criminal defense attorney was ineffective in 1996 when he failed to consolidate for plea and sentencing two separate criminal cases against petitioner (Orange County Superior Court case no. C–100121 (complaint no. 91SF60378) and Orange County Superior Court case no. C–100120 (complaint no. 92SF68576)), when those facts occurred. Alternatively, even if he did not understand the legal significance of the facts pertaining to his claim of ineffective assistance of counsel, he was aware of those facts on March 29, 2001, when he was sentenced in Orange County Superior Court case no. 00SF0188, and those prior 1996 convictions were considered by the trial court in sentencing him. *See Hasan,* 254 F.3d at 1154 ("to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." (emphasis in original)); *Brooks v. McKee,* 307 F.Supp.2d 902, 906 (E.D.Mich.2004) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts."); *Redmond v. Jackson,* 295 F.Supp.2d 767, 771 (E.D.Mich.2003) ("[Section] 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim.").

Even adopting petitioner's argument that he was not aware of the vital facts until November 26, 2002, when he received the declaration from his former attorney, the pending habeas corpus petition is still untimely. Using this date as the date to commence the running of the statute of limitations under Section 2244(d)(1)(D), the statute of limitations ran from November 27, 2002, until January 13, 2003 (48 days), when petitioner filed his habeas corpus petitions in the California courts. The filing of those state petitions tolled the statute of limitations until March 18, 2004,[4] the

---

4. The California Supreme Court's decision denying petitioner's habeas corpus petition was final on the date it was filed. *See* Cal.Rules of Court, Rule 29.4(b)(2)(C) (2004) ("[T]he denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause" is "final on filing."). Contrary to petitioner's unsupported assertion, he is not entitled to extend the statute of limitations for the 90 day period in which he could have sought certiorari in the United States Supreme Court after the California Supreme Court's denial of his habeas corpus petition. *See White v. Klitzkie,* 281 F.3d 920, 924–25 (9th Cir.2002) ("A petition for a writ of certiorari to the United States Supreme Court is simply not an application for state review. The time spent pursuing such a federal writ is not 'time during which a state prisoner is attempting, through

day after the California Supreme Court denied petitioner's habeas corpus petition, and the limitations period began to run again on the next day and continued running until it expired 317 days later, on January 28, 2005. *See Souter v. Jones,* 395 F.3d 577, 587 (6th Cir.2005) (Petitioner's habeas corpus petition not timely when statute of limitations ran for more than one year after affidavit, which was allegedly newly discovered evidence, was signed). Yet, petitioner did not file the pending habeas corpus petition until March 4, 2005—more than 30 days late. Thus, it is untimely.

■ Finally, there is no basis for this Court to equitably toll AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Shannon v. Newland,* 410 F.3d 1083, 1089–90 (9th Cir. 2005); *see also Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618 (3d Cir.1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient."). The petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations. *Gaston v. Palmer,* 387 F.3d 1004, 1008 (9th

Cir.2004); *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003).

■ The petitioner contends he is entitled to equitable tolling because "any undue delay was caused by [habeas] counsel's lack of experience in federal habeas procedure, frustration in securing the appropriate documentation in support of the relief, and heavy case load in other matters." Opposition at 10:23–26. As an initial matter, there is no constitutional right to counsel in a habeas proceeding. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir.), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002). Thus, habeas counsel's "negligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001) (citing *Harris v. Hutchinson,* 209 F.3d 325, 330–31 (4th Cir.2000) and *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999)), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002). Here, habeas counsel's inexperience, heavy case load and attempts to obtain documentation are, at most, merely factors that may constitute negligence, and which do not provide a reason to equitably toll AEDPA's statute of limitations. *Miranda,* 292 F.3d at 1068; *Malcom v. Payne,* 281 F.3d 951, 962–63 (9th Cir.2002).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Final Report and Recommendation; (2) adopting the Final Report and Recommendation as the findings of fact and conclusions of law

proper use of state court procedures, to exhaust state court remedies . . . .' Thus, [petitioner] is not entitled to statutory tolling under § 2244(d)(2) for the time during which he

contends he could have filed a petition for a writ of certiorari in the United States Supreme Court . . . ." (citations omitted)).

herein; and (3) entering Judgment dismissing the petition and action as untimely.

## JUDGMENT

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus and the action are dismissed as untimely.

October 18, 2005.