**Matthew Robert COLLETT, Petitioner,**

v.

**J.F. SALAZAR, Respondent.**

**No. CV 08–0693–GW(RC).**

United States District Court,
C.D. California.

Oct. 14, 2008.

Matthew Robert Collett, Vacaville, CA, pro se.

Kenneth C. Byrne, Office of Attorney General of California, Los Angeles, CA, for Respondent.

**JUDGMENT**

GEORGE H. WU, District Judge.

IT IS ADJUDGED that the petition for writ of habeas corpus and the action are dismissed as untimely.

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner.

REPORT AND RECOMMENDATION
OF A UNITED STATES
MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable George H. Wu, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

**BACKGROUND**

**I**

On September 9, 2003, in Los Angeles County Superior Court case no. A09438278, petitioner Matthew Robert Collett pleaded guilty to, and was convicted of, one count of manufacturing a controlled substance (methamphetamine) in violation of California Health & Safety Code § 11379.6(a) (count 2), one count of causing a fire with great bodily injury in violation of California Penal Code ("P.C.") § 452(a) (count 3), and one count of voluntary manslaughter in violation of P.C. § 192(a) (count 5). Lodgment no. 1. On the same date, petitioner was sentenced to the total term of 14 years in state prison. *Id.* The petitioner did not appeal his convictions or sentence to the California Court of Appeal.

 On February 21, 2007,[1] petitioner filed a habeas corpus petition in the Los Angeles County Superior Court, which denied the petition on March 12, 2007. Lodgment nos. 2–3. On March 22, 2007, petitioner filed a habeas corpus petition in the California Court of Appeal, which denied the petition on August 29, 2007.[2] Lodgment nos. 4–5. On September 11, 2007, petitioner sought review in the California Supreme Court, which denied review on October 17, 2007. Lodgment no. 6; Petition, Exh. 1.

---

1. "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941,

121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). Here, the petition is dated February 21, 2007.

2. In denying the habeas petition, the Court of Appeal, citing *People v. Hester*, 22 Cal.4th 290, 295, 92 Cal.Rptr.2d 641, 992 P.2d 569 (2000), held that *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), "does not apply to a plea-bargain sentence of a specified length to which the defendant agreed in order to avoid a longer sentence that could lawfully be imposed if convicted on all charges at trial...." Lodgment no. 5.

## II

On January 18, 2008, petitioner, proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his sentence under *Cunningham*, and on April 11, 2008, this Court ordered petitioner to file an amended petition since he had failed to name the proper respondent in his petition. On April 27, 2008, petitioner filed a First Amended Petition, and on June 27, 2008, respondent filed a motion to dismiss the First Amended Petition on the ground it is untimely. On August 13, 2008, petitioner filed his opposition to the motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a one-year period of limitations for federal habeas petitions filed by state prisoners," *Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1059 (9th Cir.2007), as follows:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> \* \* \*

>> (C) the date on which the constitutional right asserted was initially rec-

ognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The petitioner did not appeal his convictions or sentence to the California Court of Appeal, and Judgment became final 60 days after petitioner was sentenced on September 9, 2003. *See* former California Rules of Court, Rule 31(d) (2003);[3] *Lewis v. Mitchell*, 173 F.Supp.2d 1057, 1060 (C.D.Cal.2001). Thus, for petitioner, the statute of limitations began to run on November 11, 2003,[4] and expired on November 10, 2004, one year after his state court judgment became final. The instant action was not filed until more than three years after the statute of limitations had run; thus, it is untimely.

■ Nevertheless, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending in the California courts. Here, since petitioner filed his state habeas corpus petitions in 2007, after the statute of limitations had expired, these petitions neither tolled nor revived the expired limitations period.

---

**3.** Effective January 1, 2004, the substance of former Rule 31(d) was moved to former Rules 30(b) and 30.1(a), *Earls v. Hernandez*, 403 F.Supp.2d 985, 988 n. 3 (C.D.Cal.2005), and these rules were renumbered as Rules 8.304(b) and 8.308(a), effective January 1, 2007.

**4.** November 8, 2003, the sixtieth day after petitioner was sentenced, was a Saturday;

therefore, petitioner had until November 10, 2003, to timely file his notice of appeal. California Code of Civ. Proc. § 12a(a); former California Rules of Court, Rule 45(a) (2003); *Lopez v. Felker*, 536 F.Supp.2d 1154, 1156–57 & n. 3 (C.D.Cal.2008). Former Rule 45(a) was renumbered Rule 8.60 effective January 1, 2007.

*Jiminez v. Rice,* 276 F.3d 478, 482 (9th Cir.2001), *cert. denied,* 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003); *Green v. White,* 223 F.3d 1001, 1003 (9th Cir. 2000).

■ Nor does Section 2244(d)(1)(C) benefit petitioner. Section 2244(d)(1)(C) provides that a habeas corpus petition is timely if filed within one year of the Supreme Court's recognition of a new constitutional right made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Here, petitioner relies on *Cunningham,* which was decided on January 22, 2007, to support his claim that his Sixth Amendment rights were violated when he was sentenced to an upper-term sentence for voluntary manslaughter. However, Section 2244(d)(1)(C) is inapplicable since *"Cunningham* ... did not announce a new rule of constitutional law" but instead "simply applied the rule of [*Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ] to a distinct but closely analogous state sentencing scheme." *Butler v. Curry,* 528 F.3d 624, 634–39 (9th Cir.2008). Moreover, although *Blakely* announced a new rule, this, too, does not assist petitioner under Section 2244(d)(1)(C) since *Blakely* does not apply retroactively to cases on collateral review.[5] *See Schardt v. Payne,* 414 F.3d 1025, 1038 (9th Cir.2005) ("[T]he Supreme Court announced a new rule in *Blakely v. Washington* that does not apply retroactively to a conviction that was final before that decision was announced."); *Pettijohn v. Bartos,* 248 Fed. Appx. 845, 846 (9th Cir.2007) (Petitioner's claim that habeas petition was timely under Section 2244(d)(1)(C) because it was filed within one year of the *Blakely* deci-

sion "lacks merit because the Supreme Court has not held that *Blakely* is retroactively applicable to cases on collateral review"),[6] *cert. denied,* —— U.S. ——, 128 S.Ct. 2477, 171 L.Ed.2d 771 (2008); *Martinez v. Hedgepeth,* 2008 WL 3154689, *4 (E.D.Cal.) ("[T]he statute of limitations analysis of subsection (C) ... has a dual requirement: (1) a newly recognized rule, and (2) made retroactive to cases on collateral review. *Apprendi, Blakely,* [and] *Booker* were determined to be new rules, but not retroactive, thereby not satisfying the second requirement. *Cunningham* has been determined to be retroactive to cases on collateral review, but not a new rule, thereby not satisfying the first requirement. Therefore, the alternative start date of subsection (C) for petitioner's case is not implicated by any of the cases.").

Finally, there is no basis for this Court to equitably toll AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Espinoza–Matthews v. People of the State of Cal.,* 432 F.3d 1021, 1026 (9th Cir.2005). The petitioner bears the burden of proving: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005); *Mendoza v. Carey,* 449 F.3d 1065, 1068 (9th Cir.2006). Additionally, "the prisoner must show that the 'extraordinary circum-

---

**5.** Furthermore, even if Section 2244(d)(1)(C) could apply to *Blakely,* petitioner's pending habeas corpus petition would nevertheless be untimely since petitioner did not file his federal habeas corpus petition, or any state petitions for post-collateral review, within one

year of June 24, 2004, the date *Blakely* was decided.

**6.** *See* Fed. R.App. P. 32.1(a); Ninth Circuit Rule 36–3(b).

stances' were the but-for and proximate causes of his untimeliness." *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (citations and internal quotation marks omitted); *Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006), *cert. denied sub nom., Belleque v. Kephart,* —— U.S. ——, 127 S.Ct. 1880, 167 L.Ed.2d 386 (2007). Here, petitioner has not identified any ground for this Court to equitably toll the limitations period; therefore, his petition is untimely.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) entering Judgment dismissing the petition and action as untimely.